**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X   Case No.

HERMAN KAM,

**COMPLAINT**

Plaintiff,

- against -

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

ARAMARK AMERICAN FOOD SERVICES, INC.,

Defendant.

-----------------------------------------------------------------X

Plaintiff HERMAN KAM ("Plaintiff") by his attorneys, Helen F. Dalton & Associates, P.C., hereby complains of the Defendant, upon personal knowledge, as well as information and belief, by alleging and averring as follows:

## NATURE OF THE CASE

1.    Plaintiff brings this action alleging that Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, ("Title VII"), 42 U.S.C. 1981 ("Section 1981"), and the New York State Human Rights Law, the New York State Executive Law, §§ 296 *et seq.* ("NYSHRL") and seeks damages, as well as injunctive and declaratory relief, to redress the injuries he has suffered as a result of being discriminated and retaliated against by his employer on the basis of his religion, race and national origin.

## JURISDICTION, VENUE, AND PROCEDURAL PREREQUISITES

2.    Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3.    The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the Defendant resides

within the SOUTHERN District of New York or the acts complained of occurred therein.

5.     By: (a) timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 19, 2021; (b) receiving a Notice of Right to Sue from the EEOC on August 19, 2021; and (c) commencing this action within 90 days of the issuance of the Notice of Right to Sue by the EEOC; and (d) contemporaneously with the filing of this Complaint, Plaintiff has satisfied all of the procedural prerequisites for the commencement of the instant action.   A copy of the Notice of Right to Sue is annexed hereto as Exhibit A.

## PARTIES

6.     At all relevant times, Plaintiff was and is a resident of the State of New York and County of Queens.

7.     Plaintiff is a sixty-five (65) year old Chinese Buddhist man.

8.     At all relevant times, Plaintiff was an "employee" of the Defendants, as defined by all the applicable statutes.

9.     At all relevant times, Defendant ARAMARK AMERICAN FOOD SERVICES, INC. ("ARAMARK") was a foreign limited liability company licensed to do business in New York. Defendant ARAMARK maintains a principal place of business at 200 West Street, New York, NY 10282.

10.    At all relevant times, Defendant ARAMARK had more than 15 employees.

11.    At all relevant times, Defendant ARAMARK met the definition of "employer" and is subject to the applicable statutes.

## MATERIAL FACTS

12.    In or around June 2017, Plaintiff commenced his employment as a server with Defendant

ARAMARK at 200 West Street, New York, NY 10282.

13.   Plaintiff regularly worked forty (40) hours per week and was paid approximately $24.00 per hour.

14.   Throughout his employment with Defendant ARAMARK, Plaintiff was subjected to ongoing and continuous race, national origin, age, and religion-based hostility and micro-aggressions, which senior leadership did nothing to remedy thus rendering the working conditions for Plaintiff at Defendant ARAMARK deplorably hostile.

15.   Beginning as early as 2018, Plaintiff was harassed by both managers and coworkers on an almost daily basis as detailed below.

16.   By way of example, Plaintiff was called names on a daily basis such as "stupid old Chinese man" and "Chino Lambon," a derogatory phrase in Spanish that loosely translates to "Chinese kiss-ass" by co-workers such as Christian (last name unknown, "Cristian"), and Mauro Villacreses ("Mauro") as well as by Plaintiff's manager, Ahmet Inanc ("Ahmet") at Defendant ARAMARK.

17.   On January 13, 2021, Plaintiff texted both Angela Mauceli ("Angela"), manager at Defendant ARAMARK, and Ahmet detailing instances of discrimination he had been subjected to.

18.   In or around February 2020, Plaintiff took a vacation to Indonesia and traveled through an airport in China during his trip. Upon his return, Plaintiff learned of the looming COVID-19 Pandemic.

19.   When he returned to work, Christian told Plaintiff to "go back to fucking China and take your diseases with you," and repeatedly stated "we don't want you here."

20.   The following day, another co-worker named James (last name unknown, "James") who

had overheard the previous day's comments made by Christian to Plaintiff, told Plaintiff "I hate Chinese people."

21.   James continued insulting Plaintiff, ultimately threatening Plaintiff saying "just wait 'til next year when I'm retired, I'm going to get you."

22.   Plaintiff was also repeatedly approached by multiple co-workers such as Christian and Mauro who mocked and asked Plaintiff if he brought diseases back from his vacation in or around February 2020.

23.   Plaintiff was humiliated, horrified, and terrified by the comments made to him by Christian, James, and other ARAMARK employees and reported the incident to his managers, Angela and Ahmet.

24.   After hearing Plaintiff's complaint, Angela and Ahmet proceeded to complain to Plaintiff that "Chinese people are so sensitive."

25.   Christian's discriminatory conduct against Plaintiff persisted throughout the rest of Plaintiff's employment as he frequently called Plaintiff a "Stupid fucking Chino," told Plaintiff to "learn English" and stated that if Plaintiff did not soon learn English, Christian would "report [Plaintiff] to Trump," effectively mocking Plaintiff's status as an immigrant in the United States of America.

26.   Plaintiff felt extremely uncomfortable and embarrassed after suffering such vile and discriminatory oration directed at him. Upon information and belief, neither Christian nor James were ever disciplined for their rhetoric, and in their response to Plaintiff's complaint, ARAMARK managers Angela and Ahmet made it clear to Plaintiff that discrimination against Asian/Chinese people was being tolerated by the leadership of Defendant ARAMARK.

4

27.  Plaintiff was then prohibited from attending meetings held for Defendant ARAMARK servers, being told by Ahmet that Plaintiff was "different" and needed to have his own separate meeting.

28.  Plaintiff felt excluded, uncomfortable, and mortified at the discriminatory conduct he was being subjected to. The more complaints Plaintiff made of the conduct he was being subjected to, the greater the hostility towards Plaintiff became.

29.  Plaintiff learned from multiple co-workers that they had been directed by Angela not to speak to Plaintiff. Shortly thereafter, Plaintiff was called in to a meeting with approximately seven (7) supervisors at Defendant ARAMARK where he was told not to speak to any other ARAMARK employees.

30.  While meeting with Angela regarding his multiple complaints of discrimination, Angela admitted to Plaintiff that "I [Angela] told Maria [ARAMARK employee], please don't engage in a conversation with Herman, and Teddy [Union representative] told me 'please tell the staff not to talk to Herman anymore'."

31.  As a result of Plaintiff's ostracization, Plaintiff began eating his breakfast and lunches on the floor alone in a hallway near the elevator shaft at Defendant ARAMARK.

32.  While eating lunch on the floor by the elevator in or around May 2021, Plaintiff was approached by Ahmet and told to "eat like a human" because he felt that Plaintiff ate "like an animal" referring to Plaintiff having been seated on the floor.

33.  Plaintiff explained to Ahmet that as a Buddhist, Plaintiff did not have any qualms with eating on the floor. Ahmet proceeded to call Plaintiff "Chinaman" and told him that his religion was no excuse to "eat like an animal."

34.  Plaintiff repeatedly complained to both Ahmet and Angela regarding the discrimination he

faced and was consistently told that "Chinese people are too sensitive."

35.    In or around April 2021, Plaintiff was asked by Defendant ARAMARK manager Angela how long he had been living in the United States and whether he could provide proof of how long he had been living in the United States because of the severity of Plaintiff's accent.

36.    Plaintiff felt humiliated and insulted by Angela's questions but did not know who to contact to report the incident, as Angela was Plaintiff's supervisor.

37.    In the final months of Plaintiff's employment, Plaintiff cried in Defendant ARAMARK's employee bathroom at least once per day as a direct result of the discrimination Plaintiff faced.

38.    On more than one occasion, Plaintiff requested the information of a Human Resources or Union representative that Plaintiff could escalate his complaints to, but was always denied such information.

39.    On June 1, 2021, Plaintiff emailed Angela detailing the discrimination he had been subjected to at Defendant ARAMARK.

40.    On June 3, 2021, Plaintiff met with Angela and reiterated his complaints, to no avail. Plaintiff subsequently emailed Angela a summary of their meeting as he felt that his complaints and concerns were being ignored.

41.    On June 4, 2021, Plaintiff sent a lengthy email to Mollie Carter ("Mollie"), Human Resources Manager at Defendant ARAMARK, detailing multiple instances of discrimination that Plaintiff was subjected to.

42.    On June 20, 2021, Plaintiff received a letter from Defendant ARAMARK District Manager Brian Gabally terminating Plaintiff's employment.

43.  Plaintiff's termination was the direct result of a systemically hostile work environment towards people of Chinese/Asian descent, which Plaintiff had been trying to challenge.

44.  Defendants terminated Plaintiff solely because of his race and national origin and because of his complaints of race-based discrimination.

45.  Upon information and belief, no investigation has taken place in relation to Plaintiff's complaints and no employee of Defendant ARAMARK has been disciplined for discriminatory conduct despite the fact that Defendant ARAMARK's management was on notice of the discrimination taking place.

46.  Defendants would not have discriminated against Plaintiff but for his race and/or national origin.

47.  Plaintiff was treated less well or subjected to an adverse action, motivated, at least in part, by his membership in a protected class.

48.  Defendant would not have retaliated against Plaintiff but for his complaints about race/national origin-based discrimination.

49.  Despite the highly toxic and racist environment that permeated Plaintiff's work environment at Defendant ARAMARK, Plaintiff had continued to work diligently and efficiently in his role to the best of his ability.

50.  As a result of Defendant ARAMARK's actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, violated, embarrassed, and emotionally distressed.

51.  As a result of Defendant ARAMARK's discriminatory and intolerable treatment of Plaintiff, he suffered, and continues to suffer, severe emotional distress and physical ailments.

52.  As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will

continue to suffer, the loss of income, the loss of a salary, bonuses, benefits, and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses and emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

53. As Defendant ARAMARK's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages.

54. Defendant's actions and conduct were intentional for the purpose of harming Plaintiff.

## AS A FIRST CAUSE OF ACTION
## DISCRIMINATION UNDER TITLE VII

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

56. The claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of Defendant ARAMARK.

57. Plaintiff complains that Defendant ARAMARK violated Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race and national origin (Asian and Chinese).

58. 42 U.S.C. §§ 2000e-2 states:

> It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to him compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...

59. Defendant ARAMARK engaged in unlawful employment practices prohibited by 42 U.S.C. §§ 2000e by discriminating against Plaintiff because of his race and national origin (Asian and Chinese).

8

## AS A SECOND CAUSE OF ACTION
## RETALIATION UNDER TITLE VII

60.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

        Complaint.

61.     42 U.S.C. §§ 2000e-3 states:

> It shall be an unlawful employment practice for an employer to discriminate against any of him employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by the subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the subchapter.

62.     Defendant ARAMARK engaged in unlawful employment practices prohibited by 42

        U.S.C. §§ 2000e-3 by retaliating against Plaintiff for complaining of the aforementioned

        violations.

## AS A THIRD CAUSE OF ACTION
## DISCRIMINATION UNDER SECTION 1981

63.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

        this Complaint.

64.     Section 1981 states in relevant part as follows:

> (a) Statement of equal rights.  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind and to no other.

> (b) "Make and enforce contracts" defined.  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

65.     Plaintiff was discriminated against because of her race as provided under Section 1981 and

has suffered damages as set forth herein.

## AS A FOURTH CAUSE OF ACTION
## RETALIATION UNDER SECTION 1981

66.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint.

67.     Section 1981 states in relevant part as follows:

(c) Statement of equal rights.  All persons within the jurisdiction of the United States shall
have the same right in every State and Territory to make and enforce contracts, to sue,
be parties, give evidence, and to the full and equal benefit of all laws and proceedings
for the security of persons and property as is enjoyed by white citizens, and shall be
subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind
and to no other.

(d) "Make and enforce contracts" defined.  For purposes of this section, the term "make
and enforce contracts" includes the making, performance, modification, and
termination of contracts, and the enjoyment of all benefits, privileges, terms, and
conditions of the contractual relationship.

68.     Plaintiff was retaliated against because of his race and national origin as provided under

Section 1981 and has suffered damages as set forth herein.

## AS A FIFTH CAUSE OF ACTION
## DISCRIMINATION UNDER THE NYSHRL

69.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this

Complaint.

70.     Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: "(a)

For an employer or licensing agency, because of an individual's ... race ... to refuse to hire

or employ or to bar or to discharge from employment such individual or to discriminate

against such individual in compensation or in terms, conditions or privileges of

employment."

71.   Defendant ARAMARK engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, together with creating a hostile work environment, and retaliation.

72.   Plaintiff hereby makes a claim against Defendant ARAMARK under all of the applicable paragraphs of Executive Law Section 296.

### AS A SIXTH CAUSE OF ACTION
### RETALIATION UNDER THE NYSHRL

73.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

74.   New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

75.   Defendant ARAMARK engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against the Plaintiff because of his opposition to his employer's unlawful employment practices.

### JURY DEMAND

76.   Plaintiff each requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant ARAMARK:

A.   Declaring that Defendant ARAMARK engaged in, and enjoining Defendant ARAMARK from continuing to engage in, unlawful employment practices prohibited by Title VII, Section 1981, and the NYSHRL, in that Defendant discriminated and retaliated against Plaintiff on the basis of his race and/or national origin.

B.      Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

C.      Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven at trial;

D.      Awarding Plaintiff punitive damages;

E.      Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices against each of them.

Dated: New York, New York
August 24, 2021

HELEN E. DALTON &
ASSOCIATES, P.C.

By: _____
Janelle J. Romero, Esq.
James P. O'Donnell, Esq.
Roman Avshalumov, Esq.
*Attorneys for Plaintiff*
80-02 Kew Gardens Blvd, Suite 601
Kew Gardens, New York 11415
(718) 263-9591
janelle@helendalton.com
jamespodonnell86@gmail.com
avshalumovr@yahoo.com

TO:

ARAMARK AMERICAN FOOD SERVICES, INC.

28 LIBERTY STREET
NEW YORK, NY 10005

ARAMARK AMERICAN FOOD SERVICES, INC.
200 WEST STREET, 12TH FLOOR
NEW YORK, NY 10282

# EXHIBIT A

EEOC Form 161-B (11/2020)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:   Herman Kam<br>        33-45 92nd Street Apt. 3E<br>        Jackson Heights, NY 11372 | From:   **Washington Field Office**<br>          **131 M Street, N.E.**<br>          **Suite 4NW02F**<br>          **Washington, DC 20507** |

[ ]   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2021-03441** | **Kathryn Nasenbenny,**<br>**Investigator** | **(202) 921-2787** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Sung Ho Kim*                                      2021-08-19

**Mindy E. Weinstein,**   For          *(Date Issued)*
**Director**

Enclosures(s)

cc:   **Branden Shannon**              **Janelle Romero**
      **Attorney**                     **HELEN F. DALTON & ASSOCIATES, P.C.**
      **ARAMARK**                      **80-02 Kew Gardens Road, Suite 601**
      **1101 Market St.**              **Kew Gardens, NY 11415**
      **Philadelphia, PA 19107**